GEORGE KLEIN, RELATOR, v. THE MAYOR AND ALDER-
MEN OF JERSEY CITY, FRANK HAGUE, JOHN SAUL,
A. HARRY MOORE, MICHAEL J. FAGEN AND WILLIAM
B. QUINN, BOARD OF COMMISSIONERS OF JERSEY
CITY, AND JOHN SAUL, SUPERINTENDENT OF BUILD-
INGS OF JERSEY CITY, RESPONDENTS.

Submitted October 16, 1925—Decided March 11, 1926.

**Zoning—Private Garages in Restricted Zone—Chain of Private
Garages—Provision of Ordinance Defining a Private Garage
to be a Building Not More Than Twenty-five Feet in Width,
etc., Unreasonable.**

On rule to show cause why a writ of *mandamus* should not
be awarded.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Griffin & Griffin.*

For the respondents, *Charles Hershenstein* (*Thomas J.
Brogan,* of counsel).

PER CURIAM.

George Klein is the owner of a tract of land located on
the southwesterly side of Clarke avenue, in the city of Jersey
City, known as Nos. 147-149 Clarke avenue. On May 4th,
1925, Klein made an application to the building department
of Jersey City for a permit to erect on said premises ten one-
story private individual garages. He filed with the building
department plans which fully complied with the building
code and the regulations of the building department of
Jersey City. By direction of the building department, Klein,
on the same day, made application to the zoning commission
of Jersey City for permission to erect said garages. On
May 15th, 1925, his application was rejected by the zoning

commission. The reason alleged for the rejection of the application was that under section 2 of the ordinance regulating and restricting the location of trades and industries (known as the zoning ordinance) the lands of Klein were zoned as a residential district. This section was interpreted by the zoning commission as prohibiting the construction of said garages. Because of this decision of the zoning commission the building department of Jersey City refused to grant the application of Klein for a building permit. Klein then appealed to the city commission of Jersey City. The city commission, on June 16th, 1925, refused to reverse the action of the zoning commission and building department. Klein then applied to this court for the award to him of a peremptory or alternative writ of *mandamus* requiring the issue to him of a building permit for the erection of said garages. Upon the making of the application a rule to show cause was allowed. The case is before us upon this rule to show cause.

The facts have been stipulated and are as hereinbefore set forth. The provisions of section 2 of the zoning ordinance referred to are contained in paragraphs 4 and 12. These paragraphs, with the preamble, read as follows:

"In a residential district, as designated on the 'Use District Map,' no building shall hereafter be erected, constructed, altered or used which is intended or designed for, and no premises shall hereafter be used for:

"4. A group of private garages to accommodate more than two automobiles.

"12. 'Private garage' is hereby defined to mean a building not more than twenty-five [25] feet in width, not more than twenty [20] feet in depth, not more than eleven [11] feet in height, and to be erected on the rear line of the lot to store a pleasure automobile for the accommodation of the owner or tenant residing on said property."

Under subdivision 12, above quoted, it will be noted that the private garage must be erected on the rear line of a lot for the purpose of storing a pleasure automobile for the

accommodation of the owner or tenant residing on such property. In other words, a garage can only be erected upon a lot upon which there is a residence, for the storage of a pleasure automobile for the accommodation of the owner or tenant of such residence. The stipulation in the present case is meagre. We do not infer that the refusal to grant the building permit is based upon the provisions of the ordinance set forth under subdivision 12. If it be, we are of the opinion that this provision is unreasonable and illegal, for the reasons recently given in the opinion filed in this court in the case of Wittkop v. Garner, Building Inspector of the Town of Bloomfield, et al. (and not as yet reported). We presume that the respondents rest upon the fourth subdivision above quoted. We are of the opinion that this prohibition is not a valid exercise of the police power. In the erection of ten private individual garages in a residential zone we see nothing detrimental to public health, safety or welfare. Garages are no more detrimental to public health, safety or welfare in a residential zone than in a business zone. There is more need of garages in a residential zone than in a business zone. This matter has been recently considered in the case of *Wittkop* v. *Garner, supra.*

The respondents endeavor to bring this case within the decision in *Hench* v. *City of East Orange,* 2 *N. J. Mis. R.* 510. We think the present case can be differentiated from the case of Hench v. East Orange. In that case there were to be constructed two garages for the accommodation of sixteen automobiles. The court, in its opinion, apparently looked upon these garages as public garages, as it applied to them the language used in the case of *Ninth Street Improvement Co.* v. *Orange City,* 90 *N. J. L.* 107, which seems more applicable to a public garage than to private garages. Since the decision in the case of *Hench* v. *East Orange, supra,* there have also been several cases decided which greatly limit the deductions which may be gathered from the language employed in this opinion.

It would have been preferable to have had the situation in the present case more fully revealed in the stipulation of facts or by depositions. We are of the opinion, however, after a review of the entire case, that the relator is entitled to a peremptory writ of *mandamus*. Such a writ is awarded. Permission is given to the respondents to mould the pleadings for the purpose of an appeal, if an appeal is desired.